KLAMER-GOEBEL FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

O. A. KLAMER FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10663, 13532, 13533.  Promulgated May 11, 1928.

*John E. McClure, Esq.,* for the petitioners.
*D. D. Shepard, Esq.,* for the respondent.

OPINION.

LOVE: The first issue is a question of invested capital. In 1919, O. A. Klamer, then a director and the president of both petitioners and also of two other corporations, purchased at public auction certain land with a building thereon, and he immediately transferred a one-fourth interest in the same property to each of the petitioners, and the two other corporations for equal cash considerations amounting in the aggregate to the price he ,had paid for the property at the auction sale. Petitioners contend that the value of the property was grossly in excess of the purchase price, and they claim that the value in excess of the cash they paid should be allowed for invested capital purposes as "paid-in surplus." No question of capital stock value is involved, the consideration for the property was paid entirely in cash.

Upon careful consideration of the entire record we think the excess of value contended for by petitioners is based upon the "reproductive cost" of the building. There is ample evidence that the fair market value of the property was far below the cost of the land and reproductive cost of the building. In all probability the acquisition of the property for the price paid was to some extent a bargain; certainly it was an advantageous deal for the petitioners, for they had immediate use for the building in their businesses. However, we will not go into the question of the amount of value for the property which might fairly have been paid by some other purchaser, had one appeared at this time and had the previous owner, who elected to sell out at public auction, not been so hasty. We need not go back of what in our view was the outright purchase of the property from Klamer by the four corporations. Petitioners acquired their interests in the property solely for cash. The cash paid is the cost of the property. In *H. T. Cushman Manufacturing Co.*, 2 T. B. A. 39, we held that: "A taxpayer acquiring assets for cash is not entitled to include them for purposes of invested capital at more than their cost." See also *LaBelle Iron Works* v. *United States*, 256 U. S. 377. We are of the opinion that the cost of the property to the petitioners is the value assignable for invested capital purposes. It so happens that this cost is equal to the cost to Klamer, the previous owner, and there is, consequently, no question of the limitation provided in section 331 of the Revenue Act of 1918, even in the case of O. A. Klamer Furniture Co. wherein there is no evidence of the extent of the stock holdings of Klamer. The respondent is sustained on this point.

The second issue relating to the computation of deductions from income for wear and tear is decided by our opinion in the first issue. The cost of the property is the only capital value allowable, and since the property was purchased subsequent to March 1, 1913, petitioners are entitled to no greater value for the purposes of this computation.

The petitioners withdrew all remaining issues save the third which is peculiar to the Klamer-Goebel Furniture Co., and relates to an amount of $5,000 par value of capital stock issued in 1911 to O. A. Klamer for personal services. The amount was capitalized on the books by charges to various accounts representing the cost of tangible assets and has been disallowed from invested capital by respondent. Petitioner now claims the value as organization expense. Even though there may be an element of organization expense attributable to this issue of stock, it is in evidence that the services of Klamer as president of petitioner for four years were also a consideration for the same stock, yet there is no evidence of the separate values of the various services, leaving us in a position where no amount of separate value is determinable. Any recognition of value attributable to the purely operating expense of the four years' service as president would not result in an increase in the invested capital, since the value added to the capital stock would correspondingly be deducted from earned surplus. There is nothing to do but sustain respondent on this point.

*Judgment will be entered for respondent in all three appeals.*